UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN A. HAWKINSON

*Plaintiff,*

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
DEPARTMENT OF HOMELAND SECURITY;
and DEPARTMENT OF JUSTICE

*Defendants.*

Civil Action No.

20-cv-_____

# COMPLAINT FOR INJUNCTIVE RELIEF

# INTRODUCTION

1. This is an action for the production of public records pursuant to the Freedom of Information Act ("FOIA"), 5 USC § 552.

2. On December 18, 2019, freelance reporter John A. Hawkinson (the "Plaintiff") submitted a pair of similar FOIA requests ("the Requests") to the Executive Office for Immigration Review ("EOIR") (a division of the Department of Justice, "DOJ") and to Immigration and Customs Enforcement ("ICE") (a division of the Department of Homeland Security, "DHS") (collectively, the "Defendants").

3. The Requests sought training materials for Immigration Judges and Trial Attorneys created by Defendants in response to the November 27, 2019 order of Judge Saris of this Court in *Gilberto Pereira Brito et al. v. William Barr et al.* (__ F. Supp. 3d __, 2019 U.S. Dist.

LEXIS 206578, 2019 WL 6333093) (D. Mass No. 19-cv-11314-PBS, ECF No. 88) (*appeal and cross-appeal noticed*).

4. The Requests also sought communications between ICE's Office of Principal Legal Adviser ("OPLA") and EOIR between November 27 and December 18, 2019 regarding the *Pereira Brito* litigation.

5. The *Pereira Brito* opinion issued a declaration that "*aliens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community.*" *Id*, slip op. at 22.

6. To date, none of the Defendants has released any record responsive to the Request.

7. Production of these records is important to understand how the Defendants are applying the *Pereira Brito* decision in practice, and what standards and burden-of-proof alien detainees are being held to, how ICE prosecuting Trial Attorneys are being instructed to handle these cases, and how Immigration Judges are evaluating them. For instance, are Trial Attorneys instructed to provide inculpatory evidence to immigration court respondents (through counsel), and if so on what schedule? Seconds before the bond hearing? Well in advance of it?

8. Because EOIR's immigration courts lack many of the procedural protections of Article III Courts (such as the Federal Rules of Evidence), an understanding of training materials is critical to understanding what rights immigration court respondents effectively have in practice.

9. Through the Requests, the Plaintiff seeks to understand and inform the public about how bond hearings work, and the consequences of the *Pereira Brito* litigation.

10. The public's interest in the release of this information is particularly high given the present day attention to immigration policy. Federal immigration policy is of especial concern in today's media and political climate.

11. The Plaintiff now asks this Court to issue an injunction requiring the Defendants to process the Requests immediately and to produce the requested records. The Plaintiff also seeks an order enjoining the Defendants from assessing fees for the processing of the Requests. The Plaintiff further seeks an order requiring Defendants ICE and DHS to comply with FOIA and provide the statorily mandated telephone and electronic status systems, and to appoint the statutorily mandated Chief FOIA officer.

## PARTIES

12. John A. Hawkinson, a freelance news reporter writing for *Cambridge Day*, is an individual reporter covering federal immigration litigation generally and the *Pereira Brito* case and its consequences specifically. He resides within the District of Massachusetts.

13. DOJ is a department of the government of the United States of America.

14. EOIR is a component organization within DOJ.

15. DHS is a department of the government of the United States of America.

16. ICE is a component organization within DHS.

## JURISDICTION AND VENUE

17. This Court has subject-matter jurisdiction pursuant to 5 USC § 552(a)(4)(B), 28 USC § 1331, and 5 USC § 702.

18. Venue lies in the District of Massachusetts pursuant to 5 USC § 552(a)(4)(B) and

5 USC §703, including because it is the district in which Plaintiff resides.

19. Plaintiff has exhausted all required administrative remedies.

# FACTS

20. The Board of Immigration Appeals ("BIA") is an administrative appellate body within EOIR.

21. The BIA hears appeals of decisions by Immigration Judges.

22. Because ICE sets initial bonds for alien detainees, when an alien seeks a bond hearing before an Immigration Judge, it is known as a "custody *re*determination hearing."

23. In 1999, the BIA held that at a bond hearing under 8 USC § 1226(a) (governing detention of non-criminal aliens pending a decision on removal — i.e. prior to receipt of a final order of removal), alien respondents bore the burden of proof. *In re Adeniji*, 22 I&N Dec. 1102, 1112-13 (BIA 1999)

24. This represented a shift in burden; prior to *Adeniji*, the Government bore the burden.

25. "The burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond." *In re Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)

26. In *Alvarez-Figueroa v. McDonald*, No. 18-cv-10097-PBS, ECF No. 47, __ F. Supp. 3d __, 2018 U.S. Dist. LEXIS 80781, 2018 WL 2209217 (D. Mass, May 14, 2018), this Court held "that the Constitution requires placing the burden of proof on the government in § 1226(a) custody redetermination hearings. Requiring a non-criminal alien to prove that he is not dangerous and not a flight risk at a bond hearing violates the Due Process Clause."

27. *Alvarez-Figueroa* granted relief on an individual basis. It was followed by other individual cases deciding similarly: *Pensamiento v. McDonald*, 315 F. Supp. 3d 684 (D. Mass,

4

May 21, 2018); *Doe v. Tompkins*, No. 18-cv-12266-PBS, 2019 U.S. Dist. LEXIS 22616 (D. Mass., Feb. 12, 2019), *appeal pending*; *Diaz Ortiz v. Tompkins*, No. 18-cv-12600-PBS, 2019 U.S. Dist. LEXIS 14155 (D. Mass., Jan. 29, 2019).

28. In June of 2019, *Pereira Brito* was filed as a class action.

29. On November 27, 2019, Judge Saris issued an opinion in *Pereira Brito*, extending the relief in the *Alvarez-Figueroa* line of cases on a classwide basis.

30. The opinion provided declaratory and injunctive relief. *Pereira Brito*, slip op. at 22, 23.

31. That injunctive relief required Immigration Courts to follow the requirements in the declaration, effective December 13, 2019. *Id*, slip op. at 23.

32. On December 13, 2019 (a Friday) at 5:03pm, Government counsel sought a 14-day extension in *Pereira Brito*, ECF No. 89, stating that good cause exists "because the November 27 Order provided only 17 days for the Government to significantly modify immigration bond operations. Compliance would require training of all relevant immigration judges and ICE counsel and would further result in docket complications, because compliant bond hearings could not be resolved at initial master calendar hearings."

33. On December 16, 2019, the following Monday, Government counsel filed a declaration of Jose A. Sanchez, the Assistant Chief Immigration Judge for the Boston Immigration Court, ECF No. 90-2, stating under penalty of perjury that "as of December 13, 2019, immigration judges who adjudicate bond hearings for individuals who are held in immigration detention in Massachusetts or are otherwise subject to the jurisdiction of the Boston immigration court are complying with the order."

34. The Government has not explained to the *Pereira Brito* Court nor to the public how it began complying with the order on December 13, as evinced by the Sanchez declaration,

yet could in good faith seek an extension of time to comply with that order — an order it was already complying with.

35. On December 18, 2019, the Plaintiff submitted the Requests to EOIR and ICE, through the FOIA.gov website, "the government's central website for FOIA," which acknowledged receipt of the Requests. A true and accurate copy of the website's acknowledgment of the EOIR request is attached hereto as Exhibit A.

36. Responses were due 20 business days after the Requests were submitted: January 17, 2020. 5 USC § 552(a)(6)(A)(i).

37. Of EOIR, Plaintiff requested:

> (1) All training materials for Boston or Hartford immigration judges produced to address the Nov. 27, 2019 court-ordered injunction in Gilberto Pereira Brito et al. v. William Barr et al. ( __ F. Supp. 3d __, 2019 U.S. Dist. LEXIS 206578, 2019 WL 6333093) (D. Mass docket 1:19-cv-11314, ECF No. 88) which ordered that, within the jurisdiction of the Boston Immigration Court, "aliens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community"
> (2) Any communication between DOJ EOIR and ICE OPLA regarding the Pereira Brito litigation between Nov. 27, 2019 and Dec. 17, 2019.

38. Of ICE, Plaintiff requested[1]:

> (1) All training materials for Boston or Hartford ICE trial attorneys produced to address the Nov. 27, 2019 court-ordered injunction in Gilberto Pereira Brito et al. v. William Barr et al. ( __ F. Supp. 3d __, 2019 U.S. Dist. LEXIS 206578, 2019 WL 6333093) (D. Mass docket 1:19-cv-11314, ECF No. 88) which ordered that, within the jurisdiction of the Boston Immigration Court, "aliens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no

---

[1] Due to administrative error, Plaintiff failed to retain an exact copy of the request as-submitted to ICE. The following is a reconstruction from a final draft. Plaintiff warrants it is substantively identical to the request filed.

6

condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community"
(2) Any communication between ICE OPLA and DOJ EOIR regarding the Pereira Brito litigation between Nov. 27, 2019 and Dec. 17, 2019.

39.  EOIR has not responded to the request.

40.  ICE has not responded to the request.

41.  By letter[2] dated Dec. 27, 2019, postmarked Dec. 31, 2019, EOIR acknowledged receipt of the request, designating it control number 2020-12927. A true and accurate copy of this letter is attached hereto as Exhibit B.

42.  EOIR's letter stated it determined that the request involved "unusual circumstances" and invoked its authority to extend the normal 20 business-day statutory timeframe by 10 additional business days (here, 17 calendar days) pursuant to 5 USC §552(a)(6)(B), because the request "either requires the collection of records field offices, or involves a search for numerous records that will necessitate a thorough and wide-ranging search at headquarters." Exhibit B.

43.  EOIR's letter further stated that it classified the request in the third of three "tracks." "Track three is for complex requests that involve voluminous records and for which lengthy or numerous consultations are required, or those requests that may involve sensitive records." *Id.*

44.  Plaintiff has not received any further correspondence from EOIR.

45.  By email transmitted January 27, 2020, ICE acknowledged receipt of the request, designating it reference number 2020-ICFO-19299. A true and accurate copy of this email is attached hereto as Exhibit C.

---

[2] The letter was noticed for delivery by the United States Postal Service's *Informed Delivery* system for January 4, 2020. But due to apparent holiday season -related complications, the Service did not effect delivery to Plaintiff's post office box until January 9, 2020.

46. ICE's email stated it determined the request seeks "numerous documents that will necessitate a thorough and wide-ranging search." Exhibit C.

47. ICE further stated that it would invoke a ten calendar-day (not business day) extension: "ICE will invoke a 10-day extension for your request," pursuant to § 552(a)(6)(B). *Id.*

48. However, ICE's ability to invoke such an extension is limited by 6 CFR § 5.5(c), which requires the DHS component (here ICE) shall "before the expiration of the twenty-day period to respond, notify the requester in writing. . . ." ICE's response was consequently due January 17, 2020.

49. ICE's response was not the result of its usual process, as explained below:

50. On January 22, Plaintiff called the ICE FOIA Office's published telephone contact number, 866.633.1182,[3] and heard an automated message that:

> It has come to the attention of US Immigration and Customs Enforcement — ICE — that the call number to the ICE Freedom of Information Act Office has been compromised and improperly used to target individuals. If you received such a call or a text message, please disregard it. Please know that the ICE FOIA Office does not directly call individuals to obtain personal information, facilitate transactions, or demand money. ICE is aware, and is taking appropriate action to resolve the situation.
>
> You have reached the US Immigration and Customs Enforcement: Freedom of Information Act Office.
>
> <u>This is an unmonitored phone line.</u>
>
> If you are calling about questions about your immigration case, or any other immigration matter, please press 1 to be connected to the ICE Community Helpline.
>
> If you are calling to report a tip, please press 2 be connected to the Homeland Security Investigations Tipline.

---

[3] ICE's FOIA office publishes contact information at, *inter alia*, https://www.ice.gov/foia/overview. A true copy of which is attached as Exhibit D. *See also* Exhibit F, DHS's contact information, which includes the ICE information.

> If you have a question about a Freedom of Information Act request for an alien file, also known as an A-file, please press 3 to be connected to the US Citizenship and Immigration Services FOIA Office
>
> <u>In the event you need assistance with an ICE Freedom of Information Act request, please send an email to</u> `ice-foia@ice.dhs.gov`.

51. Plaintiff emailed the ICE FOIA Office, variously published as `ice-foia@dhs.gov` and `ice-foia@ice.dhs.gov`, on January 22, 23, and 24, 2020, and received no response.

52. Plaintiff called the DHS Executive Secretary's office seeking a telephone number for the ICE FOIA Office on Jan. 22, and was referred to a disconnected telephone number that was alleged to be the ICE Executive Secretary's office.

53. Plaintiff obtained two additional alleged phone numbers for the ICE Executive Secretary's Office from the DHS Executive Secretary on Jan. 22 and 24, both of which went straight to voicemail with no name or title attached. Plaintiff left voicemail messages seeking the ICE FOIA Office telephone number and, as of Jan. 31, 2020, has received no response.

54. FOIA requires each agency provide a telephone or Internet contact for its FOIA office, for the purpose of providing status information about requests. 5 USC § 552(a)(7)(B). ICE's published telephone number and email contact address provide no meaningful way to reach it.

55. DHS does provide an online status information website for FOIA requests, however as of Jan. 30, 2020, it states that "Status information is current as of 01/25/2020" and responds "There is no FOIA request in the system for that number" when provided Plaintiff's reference number, 2020-ICFO-19299. A true and accurate copy of the status report is attached hereto as Exhibit E.

56. Plaintiff consulted DHS's FOIA contact information webpage and learned the posi-

tion of DHS's Chief FOIA Officer is vacant. A true and accurate copy of that web page is attached as Exhibit F.

57. Plaintiff contacted the office of DHS's Acting FOIA Public Liaison[4], Ms. Amy Bennett, part of DHS's Privacy Office, on January 22 and January 24, 2020. Plaintiff left messages for Ms. Bennett, who responded via email on Jan. 27: "I understand that ICE has located your request and it is logged into their FOIA processing system. The tracking number for your request is 2020-ICFO-19299. You should receive an acknowledgment letter from ICE shortly." A true and accurate copy of this correspondence is attached hereto as Exhibit G.

---

[4] The position of the Acting Sr. Director for FOIA Operations is listed with the same telephone and email addresses as the Acting Pubic Liaison. Exhibit F.

## CLAIMS FOR RELIEF

## COUNT I

### EOIR's Violation of FOIA 5 USC § 552

58. The foregoing allegations are re-alleged and incorporated herein.

59. Defendants EOIR and DOJ have failed to make reasonable efforts to search for records sought by the Request.

60. Defendants EOIR and DOJ have failed to produce records responsive to the Request.

61. Plaintiff is entitled to a waiver of all search, review, processing, and duplication fees in connection with the Request.

62. Accordingly, Plaintiff is entitled to an order compelling EOIR to produce records responsive to his FOIA request.

## COUNT II

### ICE's Violation of FOIA 5 USC § 552

63. The foregoing allegations are re-alleged and incorporated herein.

64. Defendants ICE and DHS have failed to make reasonable efforts to search for records sought by the Request.

65. Defendants ICE and DHS have failed to produce records responsive to the Request.

66. Plaintiff is entitled to a waiver of all search, review, processing, and duplication fees in connection with the Request.

67. Accordingly, Plaintiff is entitled to an order compelling ICE to produce records responsive to his FOIA request.

## COUNT III

ICE's Violation of the Administrative Procedure Act (APA), 5 USC § 701, *et seq.*

68. The foregoing allegations are re-alleged and incorporated herein.

69. Defendants ICE and DHS have failed to "establish a telephone line or Internet service that provides information about the status of a request" as required under 5 USC § 552(a)(7)(B).

70. Plaintiff is entitled to an order compelling DHS to meaningfully establish such a telephone line or Internet service, i.e. meaningful telephone and email addresses for the ICE FOIA Office.

## COUNT IV

DHS's Violation of the Administrative Procedure Act (APA), 5 USC § 701, *et seq.*

71. The foregoing allegations are re-alleged and incorporated herein.

72. Defendant DHS has failed to "designate a Chief FOIA Officer" as required by 5 USC § 552(j)(1).

73. Defendant DHS has failed to designate an Acting Chief FOIA Officer.

74.   Plaintiff is entitled to an order compelling DHS to designate a Chief FOIA Office or Acting Chief FOIA Officer.

## PRAYER FOR RELIEF

Wherefore, Plaintiff asks this Court to GRANT the following relief:

A. Declare that the documents sought by Plaintiff's FOIA request, as described in the foregoing paragraphs, are public under 5 USC § 552 and must be disclosed;

B. Order that Defendants shall produce the requested records forthwith, or alternatively on an expedited schedule established by the Court;

C. Enjoin Defendants from charging Plaintiff search, review, processing, and duplication fees in connection with responding to the Request;

D. Order that Defendants DHS and ICE shall establish meaningful telephone and Internet contact for the ICE FOIA Office.

E. Order that Defendant DHS shall designate a Chief FOIA Officer or Acting Chief FOIA Officer.

F. Award Plaintiff costs in the action, as expressly permitted by FOIA; and

G. Should Plaintiff retain counsel and cease to proceed *pro se*, award Plaintiff reasonable attorney fees in this action, as expressly permitted by FOIA; and

H. Grant Plaintiff any such other relief as this Court may deem just and proper.

Respectfully Submitted,

PLAINTIFF,
JOHN A. HAWKINSON, *pro se*

John A. Hawkinson
Box 397103
Cambridge, MA 02139-7103
617-797-0250
jhawk@alum.MIT.EDU

Dated: January 31, 2020